# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **INTEGRITY NATIONAL CORPORATION, INC.,** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No.: PWG-17-160 |
| | * | |
| **DSS SERVICES, INC.,** | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Integrity National Corporation Inc. ("Integrity") filed suit against Defendant DSS Services, Inc. ("DSS"), seeking confirmation of a December 15, 2016 arbitration award. *See* Compl., ECF No. 1; Mot. to Confirm Arbitration Award, ECF No. 26. Because DSS did not file its Motion to Vacate, ECF No. 27, until it filed its opposition to Integrity's Motion to Confirm Arbitration Award, by which time DSS's motion was time barred, and that, in any event, it failed to prove any recognized basis for vacating the award, I must deny DSS's Motion to Vacate and grant Integrity's Motion to Confirm.

### Background

The parties entered into a joint venture agreement in 2014 to seek a contract to perform custodial services at Fort Belvoir in Virginia. Jt. Venture Agr. § 1, ECF No. 27-2. They then entered into a Teaming Agreement ("Agreement") on August 26, 2014, under which DDS would be the prime contractor and Integrity would be the subcontractor for custodial and related services to be performed at Fort Belvoir. Agr. ¶¶ 5, 16 & Addendum 1, ECF No. 21-7. They agreed that DDS would receive 51% of any gross profits, and Integrity would receive 49% of

any gross profits. *Id.* Addendum 1. The Agreement also provided for arbitration in Maryland, under Maryland law, of "any and all controversies that may arise by, through or about th[e] Agreement, except for controversies that may arise by, through or about Confidential information in paragraph 13." *Id.* ¶ 12 ("Arbitration Clause").

According to Integrity, on or about February 25, 2015, DSS obtained a government contract to supply janitorial services at Fort Belvoir's Child Development Center; Integrity, as the subcontractor, provided management support and technical advice. Pl.'s Mem. 2. But, Integrity claims, on or about March 4, 2016, DDS stopped honoring the Agreement with regard to the contract for services at Fort Belvoir's Child Development Center. *Id.* at 3. On that basis, Integrity filed an arbitration demand with the American Arbitration Association. *Id.*

The arbitrator held a hearing on November 30, 2016; DDS did not participate. Award, ECF No. 1-1. Finding that DDS breached the Agreement, the arbitrator issued an award ("Award") in favor of Integrity on December 15, 2016, awarding damages of $477,698.28 against DDS. *Id.*

When DDS failed to pay the damages by January 14, 2017, as ordered in the Award, *see id.*, Integrity filed suit on January 18, 2017 to confirm the Award. Compl., ECF No. 1. I issued a Letter Order Regarding the Filing of Motions on January 23, 2017.[1] ECF No. 4. It provided:

---

[1] The Letter Order requiring the filing of a pre-motion letter is entered in all of my civil cases, pursuant to the Court's inherent authority to efficiently manage its docket. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). The procedure is designed to reduce costs and delay, by allowing the Court to hold an expedited conference call with counsel before motions are filed. When complied with, the pre-motion letter provides a brief overview of the issue the filing party wants to raise in the motion. During the expedited conference call scheduled to discuss the proposed motion, the Court has the opportunity to resolve without formal briefing issues which can be resolved in this manner (such as routine discovery disputes). If formal briefing is required, the Court can then set a schedule for doing so and discuss page limits for briefing and the efficient handling of exhibits. As an

2

> In order to promote the just, speedy, and inexpensive resolution of this case, *see* Fed. R. Civ. P. 1, the following procedure will be followed with respect to the filing of **substantive motions** (such as motions to dismiss, to amend the pleadings, or case dispositive motions) . . . . Any party wishing to file a motion first will serve on all parties and file with the Court a letter (not to exceed three pages, single spaced) containing a brief description of the planned motion and a concise summary of the factual and legal support for it. Unless I notify you otherwise, no response to the letter should be filed. I will review the letter and determine whether to schedule an expedited telephone conference (usually within a week) to discuss the requested motion and to determine whether the issues may be resolved or otherwise addressed without the need for formal briefing. Where it would be more efficient simply to approve the request to file the motion, I will issue an order directing that the motion may be filed.
>     . . . . If the letter described above is filed within the time allowed by the Federal Rules of Civil Procedure, Local Rules of Court, or any order issued by me in which to file the motion that the letter addresses, the time for filing the motion will be tolled to permit the scheduling of the telephone conference without the need to request an extension of time.

Notwithstanding this Order, Integrity filed its Motion to Confirm Arbitration Award and Memorandum in Support on March 16, 2017, without first filing a letter describing the motion. ECF Nos. 12, 13. The Clerk's Office issued a "QC Notice" that stated: "**ECF 12 and 13 have been stricken from the record pursuant to Chambers directive for failure to comply with the Pre-Motion Conference Letter, ECF 4 . It has been noted as FILED IN ERROR, and the document link has been disabled." ECF No. 14.

Thereafter, Integrity filed its pre-motion conference request, ECF No. 15, and on a conference call with regard to the proposed motion, I determined that, given that DDS's Answer, ECF No. 9, raised an affirmative defense that Integrity's counsel has a conflict of interest, it

---

illustration, if a defendant files a letter explaining that it wants to file a motion to dismiss the complaint and stating why, the Court can explore whether the plaintiff wishes to amend the complaint in an effort to address the deficiencies perceived by the defendant. Upon amendment, the defendant then can file a motion to dismiss, secure in the knowledge that the Court is less likely to allow a second amendment before allowing the motion to be resolved with finality. This is a much better alternative to what otherwise would happen if, for example, the defendant filed a motion to dismiss, the plaintiff filed an opposition, the defendant replied, and the Court granted the plaintiff the opportunity to amend. And, in order to protect the interests of a party that complies with the pre-motion letter procedure, the Letter Order clearly states that the time for filing the deferred motion is tolled.

would be more efficient to address that issue before Integrity filed its motion. ECF No. 20. The parties briefed the issue, ECF Nos. 21, 22, 24, and I issued an order denying DDS's Motion to Disqualify Counsel. ECF No. 25. Integrity filed its Motion to Confirm Arbitration Award and Memorandum in Support, ECF Nos. 26 and 26-1, the next day, June 30, 2017. DDS filed its Opposition, which included a Motion to Vacate, ECF No. 27, along with a Memorandum in Support, ECF No. 27-1, on July 14, 2017, without first filing a letter pursuant to the Letter Order Regarding the Filing of Motions. Integrity filed a Reply, ECF No. 28. A hearing is not necessary. *See* Loc. R. 105.6.

## **Governing Law**

Both parties seek relief pertaining to an arbitration award issued in Integrity's favor, with Integrity seeking to enforce it while DSS seeks to vacate it. There is an "emphatic federal policy in favor of arbitral dispute resolution." *Fakhri v. Marriot Int'l Hotels, Inc.*, 201 F. Supp. 3d 696, 709–10 (D. Md. 2016) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 631 (1985); citing, e.g., *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 390 (4th Cir. 2012)), *appeal dismissed*, No. 16-2061, 2016 WL 9724329 (4th Cir. Oct. 21, 2016). Consequently, "[j]udicial review of an arbitration award in federal court is 'substantially circumscribed.'" *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006)). Indeed, given that "full scrutiny of such awards would frustrate the purpose of having arbitration at all— the quick resolution of disputes and the avoidance of the expense and delay associated with litigation," a court's review of an arbitration award "is among the narrowest known at law." *Id.* (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998)).

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Section 10 states:

> [T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (emphasis added). "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in [9 U.S.C. § 10]." *Choice Hotels Int'l, Inc. v. Shriji 2000*, No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015) (citing *Apex Plumbing*, 142 F.3d at 193). As "the party opposing the award," DSS "bears the burden of proving the existence of grounds for vacating the award." *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015) (citing *Three S Del., Inc.*, 492 F.3d at 527).

**Discussion**

The parties do not dispute that the existence or terms of the Arbitration Clause, which, as noted, provided for arbitration in Maryland, under Maryland law, of "any and all controversies that may arise by, through or about th[e] Agreement, except for controversies that may arise by, through or about Confidential information in paragraph 13," but did not specify the court that could enter an order confirming the award. Agr. ¶ 12. Nor do the parties dispute that Integrity's Motion to Confirm Arbitration Award, filed June 30, 2017, well within one year after the Award issued on December 15, 2016, is timely. *See* 9 U.S.C. § 9. Accordingly, this Court must enter an ordering confirming the Award if DDS has not demonstrated that the Award should be vacated instead. *See id.*; *Choice Hotels Int'l*, 2015 WL 6123523, at *2.

*Timeliness*

Significantly, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. "A motion to vacate filed or served after this three-month period is time barred." *Chase v. Nordstrom, Inc.*, No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010) (citing *Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C.,* 491 F.3d 171, 177–78 (4th Cir. 2007)); *see Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986) ("The Federal Arbitration Act requires that motions to vacate be served on the opposing party within three months after the award is filed or delivered."). This limitations period serves "[t]he role of arbitration as a mechanism for speedy dispute resolution," as well as the "national policy favoring arbitration" that "[t]he FAA embodies." *Popular Sec., Inc. v. Colón*, 59 F. Supp. 3d 316, 318–19 (D.P.R. 2014) (citing *Hall Street Assocs. v. Mattel,* 552 U.S. 576, 581–82 (2008)). While a motion to vacate may be filed in opposition to a motion to confirm arbitration, it nevertheless must be filed

6

within the three-month period. *See Slavin v. Imperial Parking (U.S.), LLC*, No. PWG-16-2511, 2017 WL 2629044, at *8 (D. Md. June 19, 2017); *Taylor*, 788 F.2d at 225 n.2 (noting that "if a party opposing confirmation were always permitted to seek a vacatur in opposition to a petition to confirm, the three-month limit would have little practical effect").

The Arbitrator issued the Award on December 15, 2016 and sent it to the parties by email that same day. Def.'s Opp'n Mem. 4; Pl.'s Mem. 3 n.5. Therefore, DSS had until March 15, 2017 to serve notice of its motion to vacate the award. *See* 9 U.S.C. § 12; *see also* Def.'s Opp'n Mem. 4; Pl.'s Mem. 3–4. DSS provided *notice* to Integrity on March 15, 2017 that it would be filing a motion to vacate the arbitration award. Notice 2, Def.'s Opp'n Mem. Ex. C, ECF No. 27-4. But, it did not file its actual Motion to Vacate until July 14, 2017. DSS contends that it "deliberately refrained from preparing and serving Plaintiff's counsel with the motion at issue because of this Court's January 23, 2017 Letter Order Regarding The Filing Of Motions provided to counsel after the Complaint was filed with the Court on January 18, 2017." Def.'s Opp'n Mem. 4. It insists that its "Counsel was acutely aware of the course of action taken by this Court when opposing counsel filed a motion in a manner inconsistent with that specified in the Court's Letter Order." *Id.*

DSS's argument is too clever by half. The Letter Order Regarding the Filing of Motions requires a party to file a pre-motion letter describing the proposed motion before filing the motion, and it tolls the time for filing the motion when the pre-motion letter is filed. It in no way curtails a party's ability to file a brief letter stating its intent to file a motion; nor does it prevent a party from filing a motion after following the pre-motion procedures. And, had DDS complied with this Court-ordered procedure, the deadlines for filing the Motion to Vacate would have been tolled. Yet DSS did not file a pre-motion letter stating its intent to file a motion to vacate.

7

Indeed, even when it filed its Motion to Vacate as part of its Opposition to Integrity's Motion to Confirm Arbitration Award, it did not first file a pre-motion letter setting forth its intent to file a motion to vacate, clearly demonstrating that its "acute[] aware[ness]" of the need to comply with the Letter Order did not prevent it from filing a motion.

Moreover, DSS suggests that it "deliberately refrained from preparing and serving Plaintiff's counsel with the motion at issue because of this Court's January 23, 2017 Letter Order Regarding The Filing Of Motions" because its "Counsel was acutely aware of the course of action taken by this Court when opposing counsel filed a motion in a manner inconsistent with that specified in the Court's Letter Order," Def.'s Opp'n Mem. 4, that is, that the Court struck the motion. But Integrity's motion filed in violation of the Letter Order was not stricken until March 16, 2017. At that time, the three-month period already had run, as it ended on March 15, 2017. Therefore, the striking of Integrity's motion simply could not have discouraged DSS from filing a timely motion. And, the striking of Integrity's motion certainly could not have prevented DDS from complying with the Letter Order—thereby tolling the time for filing its Motion to Vacate.

Further, DSS's placeholder notice to Integrity of its intent to file a motion to vacate cannot toll the deadline for filing and service of a motion to vacate. Nor can it serve as a substitute for a motion to vacate. What the statute requires is service of notice of an actual motion, not a theoretical motion that has yet to be filed. *See* 9 U.S.C. § 12 ("Notice *of a motion* to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); *Lawson-Jackson v. Rosenhaus*, No. TDC-16-4049, 2017 WL 4063800, at *2 (D. Md. Sept. 13, 2017) ("Under the plain language of [9 U.S.C. § 12], a petition to vacate must be served, not merely filed, within the specified three-month period. *See Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 572 (7th Cir. 2007) (stating that

8

'to the extent that our use of the term "filing"' in prior cases was misleading, 'we clarify now and for purposes of future cases that service of a motion to vacate is that act that stops the three-month statute of limitations')." (additional citations omitted)).  Indeed, the Fourth Circuit has held that "[t]he Federal Arbitration Act requires that *motions* to vacate be served on the opposing party within three months after the award is filed or delivered."  *Taylor*, 788 F.2d at 225 (emphasis added); *see also Int'l Relief & Dev., Inc. v. Ladu*, 474 F. App'x 165 (4th Cir. 2012) ("Under the FAA, notice of a motion to vacate or modify an arbitration award must be served upon the adverse party 'within three months after the award is filed or delivered.' 9 U.S.C. § 12 (2006). In this case, the district court made a factual finding that the award was served on Ladu on July 21, 2011. Ladu therefore had until October 21, 2011, to *file a motion* to vacate the award." (emphasis added)). *Cf. Choice Hotels Int'l, Inc. v. Shiv Hosp., L.L.C.*, 491 F.3d 171, 177 (4th Cir. 2007) ("The arbitration award here was issued on December 9, 2003. This gave Shiv until March 9, 2003 to contest the award.").  Thus, serving a notice without filing a motion does not suffice.

Finally, I note that "[t]he Fourth Circuit has not yet recognized equitable exceptions to the FAA's three-month deadline for serving a motion to vacate upon an adverse party." *Chase v. Nordstrom, Inc.*, No. CCB-10-2114, 2010 WL 4789442, at *2 (D. Md. Nov. 17, 2010).  On the contrary, "[t]he Fourth Circuit has strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act." *Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors,* 647 F. Supp. 2d 587, 594 (D. Md. 2009); *see also Taylor,* 788 F.2d at 225 ("The existence of any such exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there is no common-

9

law analogue to enforcement of an arbitration award."). Consequently, DSS's Motion to Vacate must be denied as untimely.

*Substantive Review*

Even if DSS's untimely motion could be considered, substantive review is, as noted, limited to the grounds stated in 9 U.S.C. § 10—that an "award was procured by corruption, fraud, or undue means"; that "there was evident partiality or corruption" in an arbitrator; that the arbitrators engaged in misconduct prejudicial to a party, such as by "refusing to postpone the hearing, upon sufficient cause shown, or [by] refusing to hear evidence pertinent and material to the controversy"; or that "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *See* 9 U.S.C. § 10(a); *see Choice Hotels Int'l, Inc. v. Shriji 2000*, No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015).

DSS contends that various grounds exist for vacating the Award. It argues that the Agreement that contained the Arbitration Clause was unenforceable because (1) "it was executed in violation of Federal regulations relative to Joint Venture Agreements, Mentor-Protégé Agreements and Subcontractor Agreements," (2) it does not include a Statement of Work; (3) "it includes an Addendum to [an] underlying contract, which . . . had been terminated by the Small Business Administration ('SBA')"; and (4) it does not "specify the compensation to be paid to the parties." Def.'s Opp'n ¶¶ 3–4. Additionally, DSS argues that the Award itself

> is defective for a number of separate reasons, which reasons include: (1) a failure to properly examine, or examine at all, or rule as to whether the TA was enforceable, given the obvious shortcomings in the drafting of the document; (2) the failure to take into account or consider the pertinent federal regulations; (3) the failure to provide an explanation as to how the $477,698.28 in damages was determined; and the failure to abide by American Arbitration Association's ("AAA") Commercial Rules.

Def.'s Opp'n ¶ 5. Yet, none of these reasons is one of the grounds set forth in § 10(a). While DSS is dissatisfied with the arbitrator's performance, it does not suggest any corruption or fraud in obtaining the Award or partiality, misconduct, or abuse of powers by the arbitrator. Nor does DSS claim that the arbitrator refused to hear any evidence with regard to the alleged failings of the Agreement. *See* 9 U.S.C. § 10(a). Consequently, DSS has not carried its burden of proving that any of the grounds enumerated in § 10(a) for vacating the award exist. *See Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. TDC-15-0516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015).

*Motion to Confirm Arbitration Award*

Given that DSS failed to file and serve a timely motion to vacate, and that, in any event, it failed to prove any recognized basis for vacating the award, I must grant Integrity's Motion to Confirm Arbitration Award. *See* 9 U.S.C. § 9 (stating that, when a party files a timely petition to confirm an arbitration award, "the court *must* grant such an order unless the award is vacated, modified, or corrected" (emphasis added)); *Taylor*, 788 F.2d at 225 ("A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act. "); *First Baptist Church of Glendarden v. New Mkt. Metalcraft, Inc.*, No. AW-10-00543, 2010 WL 3037030, at *1 (D. Md. July 30, 2010) ("Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court"), *aff'd*, 442 F. App'x 789 (4th Cir. 2011); *Parsons*, 647 F. Supp. 2d at 594 ("[Because neither party timely moved to vacate or modify the arbitral award, this Court is also required to grant Parsons's Petition and Motion for Order Confirming the Award."). I note that the arbitrator awarded Integrity $477,698.28. I will confirm this amount. *See* 9 U.S.C. § 9.

# **ORDER**

Accordingly, it is, this  19th day of December, 2017, by the United States District Court for the District of Maryland, hereby ORDERED that

1. Defendant's Motion to Vacate, ECF No. 27, IS DENIED;

2. Plaintiff's Motion to Confirm Arbitration Award, ECF No. 26, IS GRANTED;

3. The December 15, 2016 Award of $477,698.28 in damages IS CONFIRMED;

4. Judgment IS ENTERED in favor of Integrity in the amount of $477,698.28 in damages; and

5. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

lyb